IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | | |
|---|---|---|
| SHERELL M. PRICE-RODGERS, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 2:19-cv-937-MHT-WC |
| | ) | |
| COMPU-LINK d/b/a CELINK,[1] | ) | |
| | ) | |
| Defendant. | ) | |

## RECOMMENDATION OF MAGISTRATE JUDGE

Pending before the Court is the Motion to Dismiss filed by Defendant Compu-Link d/b/a Celink. Doc. 6.  This case was referred to the undersigned United States Magistrate Judge pursuant to 28 U.S.C. § 636 for further proceedings and determination or recommendation as may be appropriate. Doc. 3.  Plaintiff filed a response to Defendant's Motion to Dismiss (Doc. 21), and Defendant filed a reply (Doc. 22).  Upon consideration of the pending motion and for good cause shown, the undersigned RECOMMENDS that the Defendant's Motion to Dismiss (Doc. 6) be GRANTED.

## I.   BACKGROUND

Plaintiff originally filed this action in the Circuit Court of Montgomery County, Alabama. Doc. 1-1 at 1.  In the one-page Complaint, Plaintiff asserts that the foreclosure on her real property located at 1837 Younge Point Boulevard, Montgomery, Alabama, should be terminated because "Alabama's Deed of Trust Act is in violation of the Alabama

---

[1] The Defendant, improperly identified in the Complaint as "Celink's Reverse Mortgage," is properly known as Compu-Link d/b/a Celink. Doc. 6 at 1.

State Constitution Article V, Sec. 6." *Id.*   Plaintiff, an Alabama resident, seeks over one hundred thousand dollars from Defendant, a Michigan corporation with its principal place of business in Michigan. Docs. 1, 1-1, and 1-2.  Defendant removed this case on the basis of diversity jurisdiction pursuant to 28 U.S.C. § 1332. Doc. 1 at 3–6.  Plaintiff did not challenge the removal.

## II.   STANDARD OF REVIEW

When ruling on a motion pursuant to Rule 12(b)(6), "the Court accepts the factual allegations in the complaint as true and construes them in the light most favorable to the plaintiff."  *Speaker v. U.S. Dep't of Health & Human Servs. Ctrs. for Disease Control & Prevention*, 623 F.3d 1371, 1379 (11th Cir. 2010).  In order to state a claim upon which relief can be granted, a complaint must satisfy the pleading standard of Rule 8 of the Federal Rules of Civil Procedure.

Rule 8 requires that a plaintiff submit a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2).  "[T]he pleading standard Rule 8 announces does not require 'detailed factual allegations,' but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)).  In general, then, a pleading is insufficient if it offers only mere "labels and conclusions" or "a formulaic recitation of the elements of a cause of action[.]" *Twombly*, 550 U.S. at 555. *See also Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 557) (a complaint does not suffice under Rule 8(a) "if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'").  Thus, in order to survive Defendants' motions to dismiss,

Plaintiff's Complaint "must contain sufficient factual matter, accepted as true, to 'state a claim for relief which is plausible on its face.'" *Urquilla-Diaz v. Kaplan Univ.*, 780 F.3d 1039, 1051 (11th Cir. 2015) (quoting *Iqbal*, 556 U.S. at 678). "A claim is factually plausible where the facts alleged permit the court to reasonably infer that the defendant's alleged misconduct was unlawful. Factual allegations that are 'merely consistent with' a defendant's liability, however, are not facially plausible." *Id.* (quoting *Iqbal*, 556 U.S. at 678).

"Determining whether a complaint states a plausible claim for relief [is] . . . a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Iqbal*, 556 U.S. at 679. If there are "enough fact[s] to raise a reasonable expectation that discovery will reveal evidence" that supports the claims alleged in the complaint, then the claim is "plausible" and the motion to dismiss should be denied and discovery in support of the claims should commence. *Twombly*, 550 U.S. at 556. But, "Rule 8 . . . does not unlock the doors of discovery for a plaintiff armed with nothing more than conclusions." *Iqbal*, 556 U.S. at 678–79. Ultimately, in assessing the plausibility of a plaintiff's claims, the court is to avoid conflating the sufficiency analysis with a premature assessment of a plaintiff's likelihood of success because a well-pleaded claim shall proceed "even if it strikes a savvy judge that actual proof of those facts is improbable, and 'that a recovery is very remote and unlikely.'" *Twombly*, 550 U.S. at 556 (quoting *Scheuer v. Rhodes*, 416 U.S. 232, 236 (1974)).

Finally, when considering a pro se litigant's allegations, a court holds him to a more lenient standard than those of an attorney. *Barnett v. Lightner*, No. 13CV0482, 2014 WL

3428857, at *2 (S.D. Ala. July 15, 2014) (citing *Haines v. Kerner,* 404 U.S. 519, 520 (1972)).  A court also cannot rewrite a pro se litigant's deficient pleading to sustain an action. *Id.* (quoting *GJR Investments v. County of Escambia, Fla.,* 132 F.3d 1359, 1369 (11th Cir. 1998), *overruled on other grounds by Randall v. Scott,* 610 F.3d 701, 710 (11th Cir. 2010) (relying on *Iqbal,* 556 U.S. 662)). The court treats factual allegations as true, but it does not treat conclusory assertions or a recitation of a cause of action's elements as true. *Id.* (citing *Iqbal,* 566 U.S. at 681).  Moreover, a pro se litigant "is subject to the relevant law and rules of court including the Federal Rules of Civil Procedure." *Id.* (quoting *Moon v. Newsome,* 863 F.2d 835, 837 (11th Cir.), *cert. denied,* 493 U.S. 863 (1989)).

## III.   DISCUSSION

In its pending motion, Defendant argues that this action is due to be dismissed for three reasons: (1) the Complaint fails to meet the minimum pleading requirements required by this Court, (2) the Plaintiff failed to serve the Alabama Attorney General with a copy of the Complaint, and (3) the property at issue has already been sold at a foreclosure sale, rendering Plaintiff's injunctive claims moot. Doc. 7 at 1–2.  As the Defendant correctly states, the Alabama Deed of Trust Act, which Plaintiff claims is violative of the Alabama Constitution, does not exist.  The only factual allegation in the Complaint is that the foreclosure against Plaintiff's property must be terminated because Alabama's Deed of Trust Act violates the Constitution.  This one assertion about a non-existent statute that Plaintiff purports to challenge, even construed liberally, does not constitute a set of facts that, taken as true, state a claim for relief that is "plausible on its face." *Urquilla-Diaz v. Kaplan Univ.*, 780 F.3d 1039, 1051 (11th Cir. 2015) (quoting *Iqbal*, 556 U.S. at 678).  The

4

Complaint contains no facts describing the Defendant's alleged conduct; how that conduct violates an act, statute, or provision of the Alabama Constitution; or how any act or statute violates a provision in the Alabama Constitution. There are simply no facts in the Complaint that raise a reasonable expectation that discovery will reveal evidence supporting Plaintiff's claims. Therefore, the Complaint fails to satisfy Rule 8's pleading requirements and, as a result, fails to state a claim upon which relief can be granted.

Plaintiff's Complaint is also due to be dismissed because it is frivolous. In response to Defendant's Motion to Dismiss, Plaintiff filed thirty-four pages of inapplicable case law quotations, unintelligible argument, and exhibits describing her status as a "sovereign" or "state citizen." Doc. 21. A court's review of a motion to dismiss is generally limited to the pleadings and exhibits attached thereto. *Kinsey v. MLH Fin. Servs., Inc.*, 509 F. App'x 852, 853 (11th Cir. 2013). However, even if the undersigned considered the new factual allegations in Plaintiff's response, they do not provide the necessary factual basis to state a viable cause of action against Defendant.

In the "Standard of Law" section of Plaintiff's response, she discusses the issue of subject matter jurisdiction, but she merely quotes case law without any factual application. Doc. 21 at 3–5. She next argues that the Court can "take judicial notice" of her pro se status and can consider the documents attached to her response as proof of her "State Citizen Status." Doc. 21 at 5. Those documents include, among others:

1. A copy of her birth certificate issued by the State of New Jersey;

2. A copy of her U.S. passport;

3.    Correspondence addressed to defense counsel in which she declares that she is "not a United States citizen, resident, person, individual, or any other legal fiction":

4.    An "Affidavit of Truth," in which she declares that she is a "flesh and blood man, and is sovereign in a collective capacity with other sovereigns";

5.    An affidavit in which she purports to be an "expert witness" for herself in this matter, states that she "will be one of the Federal Reserve System's recognized experts on the legal history of central banking," and, after seven pages of single-spaced nonsense, concludes the Defendant is "trying to use the credit application form or the Note to persuade and deceive the Plaintiff into believing" that she is the "borrower and not the lender."

Docs. 21-1 at 1–3, 5–6, 9–16,   Finally, in the "Argument" section of her response, Plaintiff discusses the less stringent pleading standards afforded to pro se litigants, but she also argues that every man is independent of all laws "except those prescribed by nature," quotes case law about state actors violating the U.S. Constitution, and quotes cases that she apparently believes support her the contention that the "right to be left alone" prevents debtors from collecting from state citizens in anything other than gold and silver coins. Doc. 21 at 12–13.

Based on Plaintiff's response and the attachments filed with her response, it is clear that Plaintiff is asserting a "sovereign citizen" theory that, by executing certain documents to mortgage her property, she has magically transformed herself into the lender instead of the borrower who must repay that debt.  Courts have consistently rejected the "outlandish

legal theories" of sovereign citizens claims. *United States v. Sterling*, 738 F.3d 228, 233 n.1 (11th Cir. 2013) (recognizing that courts routinely reject sovereign citizen legal theories as "frivolous"); *United States v. Benabe*, 654 F.3d 753, 761–67 (7th Cir. 2011) (discussing sovereign citizen arguments as having no validity in country's legal system and recommending that they be "rejected summarily, however they are presented"); *Lawrence v. Holt*, No. 18cv639, 2019 WL 1999783, at *2 (N.D. Ala. Apr. 12, 2019), *report and recommendation adopted,* No. 18cv639, 2019 WL 1989607 n.1 (N.D. Ala. May 6, 2019) (noting the Eleventh Circuit has repeatedly rejected sovereign citizen legal theories as frivolous); *Young v. PNC Bank, N.A.*, No. 16cv298, 2018 WL 1251920, at n.1 (N.D. Fla. Mar. 12, 2018) (stating that "[s]o-called sovereign citizens believe that as 'natural humans' (or sovereigns) they are 'not subject to government authority and employ various tactics in an attempt to, among other things, avoid paying taxes, *extinguish debts*, and derail criminal proceedings.'") (citing *Gravatt v. United States*, 100 Fed. Cl. 279, 282 (2011) (emphasis added); *Roach v. Arrisi*, 2016 WL 8943290, at *2 (M.D. Fla. 2016) (recognizing that sovereign citizen theories have been consistently rejected by courts and describing them as "utterly frivolous," "patently ludicrous," and a waste of the court's time "being paid for by hard-earned tax dollars") (citation omitted).  Because Plaintiff's response to the Motion to Dismiss reveals that her Complaint is based on a theory that her status as a "sovereign" prevents Defendant from foreclosing on her property, the Complaint is frivolous.[2]  This

---

[2] Rule 15 of the Federal Rules of Civil Procedure allows a party to amend its pleadings once as a matter of course within twenty-one days after service of motion filed under Rule 12(b).  The undersigned notes that Plaintiff made no attempt to amend the Complaint after service of the Defendant's Rule 12(b) motion pointing out deficiencies in the Complaint.  However, as explained above, even if the undersigned were to allow the Plaintiff to amend her Complaint, it is clear from the response to the Defendant's Motion to

conclusion, with the above finding that the Complaint fails to state a claim upon which relief can be granted, pretermits consideration of Defendant's remaining arguments.

## III.   CONCLUSION

For the foregoing reasons, the undersigned RECOMMENDS that this case be dismissed because the Complaint fails to satisfy the pleading requirements of Rule 8, fails to state a claim upon which relief may be granted, and is patently frivolous.  It is further

ORDERED that the parties shall file any objections to this Recommendation on or before **July 1, 2020**.  A party must specifically identify the factual findings and legal conclusions in the Recommendation to which objection is made; frivolous, conclusive, or general objections will not be considered.  Failure to file written objections to the Magistrate Judge's findings and recommendations in accordance with the provisions of 28 U.S.C. § 636(b)(1) shall bar a party from a de novo determination by the District Court of legal and factual issues covered in the Recommendation and waives the right of the party to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions accepted or adopted by the District Court except upon grounds of plain error or manifest injustice.  *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. 1982); 11TH CIR. R. 3-1.  *See Stein v. Lanning Securities, Inc.*, 667 F.2d 33 (11th Cir. 1982).  *See also Bonner v. City of Prichard*, 661 F.2d 1206 (11th Cir. 1981) (en banc).

---

Dismiss that the amendment would be futile. "Among the reasons that the Supreme Court has recognized as warranting the denial of a motion to amend is 'futility of amendment.'" *Galindo v. ARI Mut. Ins. Co.*, 203 F.3d 771, 777 (11th Cir. 2000) (quoting *Foman v. Davis*, 371 U.S. 178, 182, (1962)). "A proposed amendment is futile if the complaint, as amended, would be subject to dismissal." *Id.* (quoting *Jefferson County School Dist. No. R–1 v. Moody's Investor's Servs., Inc.*, 175 F.3d 848, 859 (10th Cir.1999)).

Done this 17th day of June, 2020.

/s/ Wallace Capel, Jr.
WALLACE CAPEL, JR.
CHIEF UNITED STATES MAGISTRATE JUDGE